# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MINDY SLATER,

                              Plaintiff,

-vs-                                          Case No.  8:09-cv-208 -T-24-EAJ

ENERGY SERVICES GROUP
INTERNATIONAL, INC., et al.,

                             Defendants.

_____/

# O R D E R

This cause comes before the Court on Defendant Energy Services Group International, Inc.'s (ESGI) Motion to Dismiss for Improper Venue pursuant to Federal Rule of Civil Procedure 12(b)(3).  (Doc. No. 9.)  ESGI moves to dismiss this case for improper venue, or alternatively to transfer this case to the United States District Court for the Eastern District of Virginia, Richmond Division.  Plaintiff Mindy Slater opposes the motion.  (Doc. Nos. 18, 25.) Defendant ESGI filed a reply.  (Doc. No. 21.)

## I.      Background

Mindy Slater brought this suit for alleged gender and pregnancy discrimination against ESGI, as well as Defendants Progress Energy Service Company, LLC ("Progress Energy"), and Florida Power Corporation, as joint employers.  Slater worked at Progress Energy's nuclear facility in Crystal River, Florida, as a receptionist.   She contends that the defendants discriminated against her because of her gender by terminating her employment after she announced that she was pregnant.  She also alleges that the defendants took retaliatory personnel

action against her because she refused to participate in the defendants' unlawful employment practices.

Slater entered into an employment agreement with ESGI in May of 2006.  ESGI is a Virginia corporation with its principal place of business in Toano, Virginia.   The employment agreement contained the following choice of forum clause: "The parties agree that all claims or causes of action relating to or arising from this Agreement shall be brought in a court in the City of Richmond, Virginia."  The agreement also contained a choice of law provision that states the following: "This Agreement shall be executed, construed and performed in accordance with the laws of the Commonwealth of Virginia."

## II.    Discussion

ESGI moves to dismiss this case for improper venue under Rule 12(b)(3), or alternatively to transfer this case to the Richmond Division of the U.S. District Court for the Eastern District of Virginia.  ESGI contends that the forum selection clause contained in the employment agreement is mandatory and enforceable.  In response, Slater contends that the clause is ambiguous, as there are several forums located in the City of Richmond, and therefore permissive in nature and does not prohibit litigation in this Court.  Accordingly, Slater contends, the burden is on ESGI to establish a more convenient forum.

A forum selection clause is mandatory when "it dictates an exclusive forum for litigation under the contract."  *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999).  By contrast, "a permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere."  *Ocwen Orlando Holdings Corp. v. Harvard Prop. Trust, LLC*, 526 F.3d 1379 (11th Cir. 2008) (quoting *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d

1269, 1272 (11th Cir. 2004)).  "Where a mutually agreed upon contract contains a mandatory

forum-selection provision, "the venue mandated by a choice of forum clause rarely will be

outweighed by other [28 U.S.C. §] 1404(a) factors."  *Mulligan v. Frank Found. Child Assistance

Int'l & Adoption Options, Inc.*, 584 F. Supp. 2d 1328, 1330 (M.D. Fla. 2008) (citations omitted).

A mandatory forum selection clause will be enforced unless "a plaintiff meets the heavy burden

of showing that the clause is unreasonable–as, for example, when a plaintiff would be virtually

denied an opportunity to litigate in the selected forum because of a special hardship."  *Id.*

It is clear that the forum selection clause here is mandatory, as it states that all claims

"shall" be brought in the City of Richmond, Virginia.  The fact that the clause does not designate

whether claims must be brought in federal or state court within the City of Richmond does not

eliminate its mandatory effect.  The cases cited by Slater, *Global Satellite Communication Co. v.

Starmill U.K. Ltd.*, 378 F.2d 1269*, and *Stateline Power Corp. v. Kremer*, 148 Fed. Appx. 770

(11th Cir. 2005), support ESGI's position.  In those cases, the Eleventh Circuit analyzed forum

selection clauses that mandated litigation in a particular geographic area, similar to the one at

issue here, and ruled that the provisions were mandatory in nature and permitted litigation in a

federal or state court within that geographical area.  The same holds true here.  The forum

selection clause mandates that Slater may bring her suit against ESGI in a federal or state court

within the City of Richmond, Virginia.

Slater next contends that the forum selection clause should not be enforced due to the

strong public policy against duplicating litigation, wasting judicial resources, and the potential

for inconsistent results.  In this case, Slater has sued three corporate defendants under the same

legal theories of discrimination and retaliation, and her suit against each defendant is dependent

on the same set of facts.  She cites other § 1404(a) factors to support her position, such as the fact that she resides and was employed in this district, that the operative facts occurred here, that this Court is familiar with applicable Florida law, and that it would impose a financial hardship on her to litigate this case in two venues.

Even considering these factors in combination, they are not enough to outweigh the venue mandated by the forum selection clause.  *See Mulligan*, 584 F. Supp. 2d at 1330.  Slater does not have to litigate her claims against the defendants separately; the Court sees no reason why she could not file this suit in its entirety in the City of Richmond.  Moreover, the Court does not see the potential for inconsistent results because Slater has alleged that each corporate defendant was her employer.  Accordingly, Slater has not met her "heavy burden" of showing that the forum selection clause is unreasonable under the circumstances.  *Id.*

Finally, despite Slater's arguments to the contrary, this litigation is clearly within the scope of the forum selection clause.  The clause applies to "all claims or causes of action relating to or arising from this [Employment Agreement]."  The Employment Agreement governs the employment relationship between Slater and ESGI.  Slater alleges in this suit that ESGI violated its obligations as her employer in discriminating and retaliating against her.  As such, the forum selection clause is applicable to these claims and enforceable in this case.

### III.  Conclusion

 Because Slater has sued two other corporate defendants in this suit, who are not subject to the mandatory forum selection clause and who have already answered the complaint, the Court concludes that it is more appropriate to dismiss without prejudice Slater's claims against ESGI under Rule 12(b)(3), rather than transfer this entire case.  Slater may re-assert her claims

against ESGI in the forum of her choosing in the City of Richmond, Virginia. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant ESGI's motion to transfer is denied, but its

motions to dismiss (Doc. No. 9) is **GRANTED**. Plaintiff's claims against Defendant ESGI are

dismissed without prejudice.

     **DONE AND ORDERED** at Tampa, Florida, this 15th day of April, 2008.


Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge