UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MINDY SLATER,

      Plaintiff,

v.                                          Case No. 8:09-cv-208-T-24-EAJ

PROGRESS ENERGY SERVICE COMPANY,
LLC, a subsidiary of PROGRESS ENERGY, INC.,
and FLORIDA POWER CORPORATION d/b/a
PROGRESS ENERGY FLORIDA, INC.,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Continuance to Reopen Discovery Pursuant to Federal Rule of Civil Procedure 56(f) (Dkt. 75) and Plaintiff's Objections to the Magistrate Judge's Protective Order (Dkt. 73, 74). Defendants oppose both the Motion (Dkt. 84) and the Objections (Dkt. 83).

**I.    Background**

Plaintiff was an employee of Progress Energy Service Company, LLC and Florida Power Corporation ("Defendants").[1] During the course of her employment, Plaintiff conducted an eye examination on an applicant for a crane operator position ("the Applicant").[2] She cleared the Applicant for this position even though he or she had a glass eye, which disqualified him or her

---

[1] On February 10, 2010, the parties jointly stipulated that, for purposes of this litigation only, Plaintiff was an employee of Defendants within the meaning of the applicable statutes. (Doc. 55.)

[2] The Applicant's identity has not been disclosed.

from the crane operator position.  Plaintiff, who was pregnant, was terminated shortly after giving the Applicant clearance.

Plaintiff sued Defendants under 1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and the Civil Rights Act of 1991; and 2) the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq., alleging that she was terminated because of her pregnancy.  (Dkt. 1.)  The Court entered a scheduling order with a discovery deadline (Dkt. 32) and then extended the deadline to January 19, 2010 (Dkt. 47).  Near the end of the discovery period, Defendants moved for a Protective Order that would allow them to use and disclose the Applicant's confidential medical records. (Dkt. 49.)  Plaintiff opposed that Motion. (Dkt. 52.)  On February 11, 2010, the Magistrate Judge granted the Motion in part and issued the Protective Order, which among other things, permitted Defendants to redact portions of the medical records – including the Applicant's identity – for privacy reasons.  (Dkt. 58.)  The next day, Defendants produced a redacted version of the medical records to Plaintiff, and they later submitted the redacted version to the Court.  On February 18, 2010, Defendants filed a Motion for Summary Judgment.  (Doc. 60.)  On March 3, 2010, Plaintiff filed Objections to the Magistrate Judge's Order.  (Dkt. 74.)

Included in the redacted medical records turned over to Plaintiff was a statement by the Applicant's Supervisor ("the Supervisor's Statement"), which stated, first, that the Applicant had been medically cleared for the position of crane operator within the year preceding his or her examination with Plaintiff and, second, that the Applicant appeared to possess the depth perception and speed of reaction time necessary to operate a crane safely.  The Supervisor's name and signature were both redacted from the Statement.  In her Motion to Reopen Discovery,

2

Plaintiff explains that to determine if there is a similarly situated person outside of her protected class who was disciplined differently after the same conduct (i.e., giving vision clearance to the Applicant), she must be allowed to conduct discovery to confirm the information included in the Supervisor's Statement and into any prior medical clearances of the Applicant by Defendants.

## II. Standard of Review

A district court may defer ruling on a motion for summary judgment where the party opposing the motion demonstrates through affidavit why "it cannot present facts essential to justify [the motion's] opposition." Federal Rule of Civil Procedure 56(f). The party seeking additional time for discovery must show how, with the benefit of that discovery, it will be able "to rebut the movant's showing of the absence of a genuine issue of fact." Wingster v. Head, 318 Fed. App'x 809, 813 (11th Cir. 2009) (quoting Sec. & Exch. Comm'n v. Spence & Green Chem. Co., 612 F.2d 896, 901 (5th Cir. 1980)). Whether to grant a continuance under Rule 56(f) is a matter of discretion for the district court. Id. at 814.

A district court shall consider objections to a magistrate judge's order on nondispositive matters and modify or set aside any portion of the order if it is found to be "clearly erroneous or contrary to law." Federal Rule of Civil Procedure 72(a). A finding of fact is clearly erroneous only if the reviewing court is left with a definite and firm conviction that a mistake has been committed. See Ford v. Haley, 195 F.3d 603, 617 (11th Cir. 1999).

## III. Discussion

To prevail on gender and pregnancy discrimination claims under either federal or Florida law, the plaintiff must prove that she (1) is a member of a protected class; (2) was subjected to an adverse employment action; and (3) was treated differently from similarly situated employees

3

outside the protected class.  See Escarra v. Regions Bank, 2009 WL 4111131 at *3 (11th Cir. Nov. 27, 2009).  The "similarly situated" analysis turns on whether the plaintiff and the other employee were "'involved in or accused of the same or similar conduct' and disciplined in a different manner."  Id. (quoting Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999)).  Within the Eleventh Circuit, the conduct in question "must be nearly identical" to meet this threshold.  Id.

If the information included in the Supervisor's Statement is correct, Plaintiff would arguably meet the "similarly situated" threshold.  According to the Supervisor's Statement, the Applicant was given medical clearance to be a crane operator within the year before Plaintiff evaluated him or her.  As such, another individual – presumably in the Defendants' employ – has made the exact same error within a relatively brief period of time.  If that person was not a member of Plaintiff's protected class and was not disciplined or was disciplined less severely than Plaintiff, then Plaintiff would have established her prima facie case of gender and pregnancy discrimination.  Plaintiff has shown that such discovery is highly relevant to her case.

The Magistrate Judge did not have the benefit of examining the medical records because they were not submitted to the Court until after the Magistrate Judge granted the Protective Order.  With the record before the Magistrate Judge at the time, the Protective Order was reasonable and appropriate.  Now, having considered the Supervisor's Statement and the implications thereof, the Court finds that Plaintiff's request for a continuance to reopen discovery into these issues should be granted.

**IV.     Conclusion**

Plaintiff has demonstrated the need for additional discovery regarding the Applicant's

prior medical clearance. But due to the privacy issues present in this case, the Court will allow only the limited discovery set forth below.

Defendants are directed to contact the Applicant to determine if the Applicant is willing to waive his or her privacy rights with respect to his or her identity and prior medical clearance and examinations by Defendants. Defendants are directed to file a notice informing the Court of the Applicant's decision. Defendants are to file the Supervisor's Statement with the name and signature of the Supervisor unredacted. If the Applicant is willing to waive his or her privacy rights, Plaintiff may depose him. Plaintiff may also depose the Supervisor, keeping in mind the identity of the Applicant is privileged unless waived.

Plaintiff has also sought leave to conduct discovery concerning an e-mail purge conducted by Defendants that Plaintiff claims may have led to the destruction of records pertinent to her employment and termination. Because the request is untimely and because Plaintiff has not specified the facts that she expects to discover from this e-mail purge and how those facts will assist her in demonstrating a genuine issue of material fact, the motion is **DENIED** with respect to this evidence. See Selby v. Tyco Healthcare Group, L.P., 301 Fed. App'x 908, 910 (11th Cir. 2008).

Accordingly, it is **ORDERED AND ADJUDGED** that

(1) Plaintiff's Motion for Continuance to Reopen Discovery Pursuant to Federal Rule of Civil Procedure 56(f) (Dkt. 75) is **GRANTED to the following extent** and otherwise **DENIED**.

(2) On or before **April 12, 2010**, Defendants are directed to contact the Applicant to determine if the Applicant is willing to waive his or her right to privacy concerning his or her

5

identity and prior medical clearance and examinations by Defendants.  Also on or before **April 12, 2010**, Defendants are directed to file a notice informing the Court of the Applicant's decision.

(3) On or before **April 12, 2010**, Defendants must file the Supervisor's Statement with the name and signature of the Supervisor unredacted.

(4)  Discovery shall be re-opened until **May 14, 2010** to allow Plaintiff to depose the Supervisor and, if he or she waives his or her privilege, the Applicant.

(5)  Plaintiff's Objections to the Order of the Magistrate Judge (Dkt. 73, 74) are **DENIED** as moot.

(6)  Plaintiff's Response to Defendants' Motion for Summary Judgment must be filed by **May 17, 2010**.  No further extensions will be given.

(7)   The Court cancels the Pretrial Conference scheduled for **June 9, 2010** and will reschedule it by a separate order after the Court rules on the pending Motions for Summary Judgment.

(8)  This case is taken off of the Court's July 2010 trial calendar.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of April, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record