UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MINDY SLATER,

        Plaintiff,

vs.                                  Case No. 8:09-CV-208-T-24-EAJ

PROGRESS ENERGY SERVICE COMPANY,
LLC, and FLORIDA POWER CORPORATION,

        Defendants.
_____/

## **O R D E R**

This cause comes before the Court for consideration of Plaintiff Mindy Slater's Amended and Opposed Motion to Review Taxation of Defendants' Bill of Costs. (Dkt. 102.) Also before the Court is Plaintiff's Amended and Opposed Motion to Stay Enforcement of an Award of Costs Pending Resolution of Plaintiff's Appeal. (Dkt. 101.) Defendants Progress Energy Service Company, LLC, and Florida Power Corporation filed a consolidated response in opposition to both of these motions. (Dkt. 107).

**I.     Background**

On September 24, 2010, the Court granted Defendants' motion for summary judgment and entered judgment in favor of Defendants on the same day. (Dkt. 94, 95.) Thereafter, Defendants filed their proposed bill of costs, including a memorandum of law and an affidavit by defense counsel in support of the bill of costs. (Dkt. 96, 97.) On October 21, 2010, Plaintiff filed a notice of appeal. (Dkt. 98.) In accordance with Rule 54(d) of the Federal Rules of Civil Procedure, on October 22, 2010, the Clerk of the Court taxed costs against Plaintiff in the amount of $3,801.52, which consisted of $3,522.95 in deposition transcript costs and $278.57 in

photocopy costs. Plaintiff filed the instant motion to review that taxation of costs, and a motion to stay enforcement of the award of costs pending her appeal, on October 25, 2010. (Dkt. 101, 102.)

## II. Motion to Review Taxation of Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." As the prevailing parties in this matter, therefore, Defendants are entitled to recover their costs. Plaintiff does not challenge Defendants' entitlement to costs as the prevailing parties; but rather, objects to the taxation of certain costs associated with deposition transcripts and photocopies.

### A. Deposition Transcripts

The Clerk of Court taxed Plaintiff $3,522.95 for the costs of deposition transcripts. Plaintiff contends that incidental transcript charges, such as mini transcripts, postage, and delivery charges, are not recoverable. In particular, Plaintiff objects to charges for emailed transcripts, shipping and handling, litigation support disks, and condensed transcripts.

#### 1. Email Transcripts and Litigation Support Disks

Defendants have withdrawn their request for reimbursement for emailed transcripts and litigation support disks, which amounts to a total of $80.00. Accordingly, the Court shall not tax the following transcript charges: for Mary Bennett's deposition, an email transcript ($30); for the deposition of Stuart Register, a litigation support disk ($25); and for the deposition of Denver Blackburn, a litigation support disk ($25).

#### 2. Condensed Transcripts

Plaintiff contends that Defendants should not be permitted to recover charges for

2

obtaining condensed transcripts, as they were obtained merely for the convenience of counsel. Defendants contend, however, that because these transcripts were necessarily obtained for use in the case and were filed in support of their summary judgment motion, this objection should be overruled.

Although the transcripts were used to support their summary judgment motion, Defendants have not explained why *condensed* transcripts were necessary, rather than merely convenient. *Henderson v. Home Depot USA, Inc.*, No. 8:04-cv-2382-T-24 TGW, 2006 U.S. Dist. LEXIS 45969, at *11-12 (M.D. Fla. July 6, 2006) (declining to award costs for condensed transcripts because the prevailing party did not show they were reasonable or necessary). Accordingly, the Court shall not tax the following charges: for the deposition of Mary Bennett, a charge for "Transcript Supplement Condensed Page" ($12.60); for the deposition of Stuart Register, a condensed transcript ($15.00); and for the deposition of Denver Blackburn, a condensed transcript ($15.00). This amounts to $42.60 in non-taxable charges for condensed transcripts.

### 3. Shipping and Handling Charges

Plaintiff also objects to the taxation of shipping and handling charges imposed by the court reporter to deliver the deposition transcripts. Defendants contend that these costs were incurred to obtain transcripts that were used in this case, and they are not part of the usual overhead of the firm.

Costs, including shipping and handling charges, that are incurred for the mere convenience of counsel ordinarily are not taxable. *Davis v. United States*, No. 08-cv-81447, 2010 U.S. Dist. LEXIS 102828, at *12-13 (S.D. Fla. Sept. 7, 2010) (ruling that "additional

expenses for services such as condensed transcripts, electronic transcripts, CD copies, exhibits, and shipping" are not reimbursable where they are incurred "only for the convenience of counsel"); *Eggleston v. Bradshaw*, No. 02-80555-CIV, 2007 WL 1760912, at *4 (S.D. Fla. June 18, 2007) (ruling that costs for shipping, handling, and delivery are not recoverable).  Here, Defendants have not shown that these shipping charges were incurred for some reason other than for the convenience of counsel.  Accordingly, the Court will not tax the shipping and handling charges for the depositions of Mary Bennett ($30), Tena Kastner ($30), Stuart Register ($38.95), and Denver Blackburn ($38.95).  This amounts to a total of $137.90 in non-taxable shipping and handling charges.

### 4. Deposition of Denver Blackburn

Next, Plaintiff objects to the taxation of all costs related to the deposition of Denver Blackburn, asserting that Defendants engaged in impropriety regarding the scheduling of this deposition.  Plaintiff contends that Defendants improperly withheld the "Supervisor's Statement" from production, and deliberately delayed in scheduling Blackburn's deposition during the brief period of time that the Court re-opened discovery.[1]

The Court reopened discovery in April 2010 to allow Plaintiff the opportunity to depose the crane operator applicant's supervisor.  The Court also ordered Defendants to produce the "Supervisor's Statement," which would reveal the name of the supervisor so that the deposition could be conducted.  (Dkt. 85.)

The parties filed copies of the email correspondence between their counsel, which

---

[1] The Court has already ruled that costs for a litigation support disk, a condensed transcript, and for shipping and handling for this deposition are not taxable.

explains what transpired between the parties after the Court's order. (Dkt. 102, Ex. 1; Dkt. 107, Ex. A-C.) Those emails show that, once Defendants produced the Supervisor's Statement, Plaintiff discovered that it was signed "Denver Blackburn for Stuart Register." Plaintiff's counsel, therefore, requested that she be able to depose "the person with knowledge of the representations made in the Supervisor's Statement." Plaintiff's counsel explained:

> [T]he Supervisor's Statement is problematic in that two individuals are identified in the signature block of the Statement, i.e., "Denver Blackburn for Stuart Register." The identity of the person with knowledge of the representations made in the Supervisor's Statement, i.e., the bases for these representations, is the person that the Plaintiff seeks to depose. Otherwise, the Court's Order would be rendered meaningless with respect to the specific discovery permitted by the Court. The Plaintiff seeks to depose Denver Blackburn who completed the form. However, if Mr. Blackburn was instructed by Mr. Register regarding what to put on the form, then the Plaintiff would need to depose Mr. Register instead. Finally, if both of the individuals identified in the signature block are needed to provide the bases for the information on the Supervisor's Statement, please let me know.

That request was made via email on April 15, 2010.

Defendants responded to this request by producing Stuart Register for deposition. It was Defendants' position that "Mr. Register was the applicant's supervisor, and that is the individual of which the Court has allowed the deposition." Furthermore, Defendants' counsel offered that the parties could discuss any "outstanding issues" that remained after Register's deposition.

Register's deposition was taken on May 3, 2010. Once this deposition was complete, Plaintiff continued to insist on deposing Denver Blackburn. In her email to opposing counsel on May 4, 2010, the day after Register's deposition, Plaintiff's counsel explained:

> [W]e will need to depose Denver Blackburn. Mr. Register testified that Mr. Blackburn would know why he provided the answers that he did on the Supervisor's Statement. Mr. Register did not have this knowledge. Neither Plaintiff's counsel nor the Court was aware that two names appeared in the signature block of the Supervisor's Statement at the time of the Court's Order. . . .

5

> I also specifically requested the deposition of Mr. Blackburn on behalf of the Plaintiff based on the fact that Mr. Blackburn completed the Supervisor's Statement and the fact that the Plaintiff recalls working with Mr. Blackburn to schedule the crane operator applicant's medical exam.  I provided numerous dates of availability in April for this deposition so that we could timely obtain the transcript in order to meet the May 17, 2010 deadline to respond to the Defendants' MSJ and avoid needlessly enlarging the costs of this litigation.  I even offered to be available on the weekend to get this deposition timely scheduled.  You eventually provided just one date of availability on May 3rd and unilaterally decided to produce Mr. Register for deposition instead of Mr. Blackburn without the courtesy of an explanation regarding the basis for this decision.
>
> I had also requested that Mr. Blackburn be made available for deposition at the same time as Mr. Register in the event that Mr. Register could not provide the discovery permitted by the Court's Order.

Defendants ultimately agreed to produce Blackburn, and that deposition took place on May 12, 2010.  Plaintiff requested an expedited transcript, so that she could use it to prepare her response to Defendants' summary judgment motion, which was due five days later, on May 17, 2010.  Defendants agreed to "front" the cost of the expedited transcript, with the understanding that the Court would determine which party was responsible for this cost at the conclusion of the case.

The cost of the Blackburn deposition, excluding charges for the litigation support disk, the condensed transcript, and shipping and handling, was $871.56.[2]  The invoice does not indicate how much was charged for the transcript being expedited.  Plaintiff suggests that the court reporter charged an additional $2.50 per page for the expedited service.[3]  The deposition

---

[2] This does not include the $5.50 that was charged for exhibits.

[3] Plaintiff reaches this conclusion by comparing the amounts charged by the same court reporter for the Register and Blackburn transcripts.  The Register transcript, which was not expedited, was charged at a rate of $2.88 per page, while the Blackburn transcript was charged at a rate of $5.38.  This shows that the court reporter charged an additional $2.50 per page for expedited service.  Defendants do not dispute this calculation, and the Court agrees.

was 162 pages in length, which means that the total expedited charge for Blackburn's transcript was $405.00.

      The Court concludes that the cost of having the Blackburn deposition expedited should not be taxed against Plaintiff.  Although Defendants' conduct regarding the scheduling of the Blackburn deposition did not rise to the level of impropriety argued by Plaintiff, it appears to the Court that Defendants unnecessarily delayed in scheduling this deposition.  At the time the Court reopened discovery, and ordered the deposition of the applicant's supervisor, neither the Court nor the Plaintiff knew–nor could have anticipated–that the Supervisor's Statement contained two individuals' names.  As soon as that document was revealed to Plaintiff, her counsel immediately requested that she be able to depose "the person with knowledge of the representations made in the Supervisor's Statement," regardless of whether that was Blackburn, Register, or both.  Yet, Defendants did not produce Blackburn until a month later, and not until May 12, 2010, a mere five days before Plaintiff's response to their summary judgment motion was due.

      Although Defendants did not violate the literal directions of the Court that they produce the applicant's supervisor for deposition, Defendants unnecessarily delayed the production of a witness (the person who signed the statement on behalf of the supervisor) that the Court's order reasonably was intended to cover.  Defendants should not have stalled until the week before the filing deadline to produce this additional witness.  Under these circumstances, the Court concludes that the $405.00 charged for expedited service of the Blackburn transcript is not taxable.  The remainder of the deposition, which includes $466.56 for 162 pages of transcript at $2.88 per page, and $5.50 for exhibits, is taxable.

In summary, the Court finds that Defendants are entitled to recover $778.00 for the transcript of Mindy Slater's deposition, $157.50 for the transcript of Mary Bennett's deposition, $299.50 for the transcript of Geraldine Harris's deposition, $347.00 for the transcript of Tena Kastner's deposition,[4] $323.55 for the transcript of Jennifer Talley's deposition, $479.34 for the transcript of Stuart Register's deposition, and $472.06 for the transcript of Denver Blackburn's deposition. The Court finds that those deposition transcripts were necessarily obtained for use in the case. In total, Defendants are entitled to recover $2,856.95 for deposition transcripts.

### B.     Photocopies

The Clerk of the Court taxed Plaintiff $278.57 in exemplification and/or copying charges. Plaintiff objects to these costs on the grounds that Defendants have not provided invoices to substantiate most of these charges. Defendants respond that, due to clerical error, one of the entries was reported as $212.20 instead of $111.40; so, the total amount Defendants seek to recover is $177.77.

Defendants are entitled to recover copy costs for discovery, pleadings, correspondence, documents provided to opposing counsel, exhibits, and documents provided to the Court. *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989). Defense counsel's affidavit lists the copy charges attributable to discovery requests, third party subpoenas, and medical records. Defendants have explained and provided additional details regarding these copies in their response to Plaintiff's motion. As these costs are related to

---

[4] There is a typographical error in Defendants' counsel affidavit regarding the invoice for Tena Kastner's deposition transcript. Defendants are seeking to recover $377.50 for this transcript, but the invoice shows that the costs total $377.00. The Court has found that the $30.00 in shipping and handling charges for this transcript are not taxable. Therefore, Defendants shall recover $347.00 for this transcript.

discovery in this case, they were appropriately taxed by the Clerk. Furthermore, the Court finds that the amount of copies, and the rates charged, were reasonable under the facts and circumstances of this case. Accordingly, Defendants are entitled to recover $177.77 in photocopy costs.

In conclusion, Defendants are entitled to recover $2,856.95 in deposition transcript costs and $177.77 in photocopy costs. In total, Defendants are entitled to recover $3,034.72 in costs from Plaintiff as prevailing parties in this case.

### III. Motion to Stay the Enforcement of the Award of Costs

In addition to seeking review of the Clerk's taxation of costs, Plaintiff also asks the Court to stay enforcement of the cost judgment pending her appeal without filing a supersedeas bond. The bases for this request are the purported financial disparity between Plaintiff and Defendants and the fact that Plaintiff has appealed the Court's ruling. However, other than her assertions in her motion, Plaintiff has not provided any objective evidence of her purported indigence.

Rule 62(d) of the Federal Rules of Civil Procedure provides that if an appeal is filed, the appellant may obtain a stay of execution of a judgment pending an appeal by posting a supersedeas bond. "The purpose of the supersedeas bond is to preserve the status quo while protecting the nonappealing party's rights pending appeal." *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986). The district court may waive the requirement of posting a bond, if the appellant "objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the Court a financially secure plan for maintaining the same degree of solvency during the period of appeal." *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).

9

Here, Plaintiff has not provided any justification to warrant entry of a stay without posting a supersedeas bond. Furthermore, the financial disparity between the parties is not relevant. Accordingly, the motion to stay must be denied.

## IV.     Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Amended and Opposed Motion to Review Taxation of Defendants' Bill of Costs (Dkt. 102) is **GRANTED IN PART AND DENIED IN PART**. The Clerk of Court is directed to enter an amended Bill of Costs in favor of Defendants and against Plaintiff in the amount of $3,034.72, which represents $2,856.95 in deposition transcript costs and $177.77 in photocopy costs. Plaintiff's Amended and Opposed Motion to Stay Enforcement of an Award of Costs Pending Resolution of Plaintiff's Appeal (Dkt. 101) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of December, 2010.

Copies to:

Counsel of Record

SUSAN C. BUCKLEW
United States District Judge